## Francis Parow vs. James Cary.

The recognition of an individual as an attorney of the court, before his actual admission, by receiving papers from him as such, waives the objection to his admission at the time of such recognition.

*Motion by plaintiff to set aside and vacate an order of Supreme Court commissioner staying proceedings and extending defendant's time to put in special bail, for irregularity.*—The grounds relied on in this motion are, that the defendant's attorney was not an attorney of this court at the time he was retained by defendant in this cause, which was on the day of his arrest on the capias. Defendant's attorney states that since he was admitted as an attorney of this court, his acts have been recognized and sanctioned by the defendant's agent, and have been recognized by plaintiff's attorney, and are so recognized by his papers for this motion.

C. Stevens, *Plff's Counsel.*      N. Bennett, *Plff's Atty.*
H. H. Martin, *Deft's Counsel.*      X. D. Freeman, *Deft's Atty.*

*Decision.*—Motion denied, with costs.

---

## James R. Rose vs. David Hogeboom et al.

A Supreme Court commissioner has power to make a *second* order, extending time to reply.

*Motion by plaintiff to set aside default for not replying, and subsequent proceedings for irregularity.*—The plaintiff obtained a second order from a Supreme Court commissioner extending the time to reply in this cause. The last order was treated as a nullity by defendant's attorneys and plaintiff's default entered. Defendants allege that under the 95th rule a Supreme Court commissioner can not make a *second* order extending time to reply.

Jas. R. Rose, *Counsel in pro. per.*   Jas. R. Rose, *Atty in pro. per.* [67
S. H. Hammond, *Deft's Counsel.*   Hammond & Weed, *Deft's Attys.*

*Decision.*—The order was held good, and motion granted with costs.